# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 07 - 0064 ODW (OPx) | Date | August 25, 2008 |
|---|---|---|---|
| Title | *Micheal H. Hagan, et al. v. Craigmyle Halters and Tack Mfg., LLC, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** **(1) Order Reopening Case and Vacating Prior Judgment; (2) Order GRANTING Plaintiffs' Renewed Motion to Disqualify [Docket #124]; (3) Order Rendering MOOT Defendants' Motion to Reopen Case, Substitute Plaintiff, and Appoint Receiver [Docket #123]; Defendants' Motion to Quash and Stay Execution, to Stay Sale of Seized Property, and for Sanctions [Docket #97]; Defendants' Motion to Set Aside Judgments Void *Ab Initio* and for Sanctions [Docket #98]; (4) Order DENYING Plaintiffs' Motion for Attorneys' Fees [Docket #102]; (5) Order Setting Status Conference**

In light of the July 7, 2008 ruling of the United States Bankruptcy Court for the District of New Mexico, this Court hereby VACATES its prior judgment in this matter.[1]  The above-entitled case is hereby re-opened and placed back on the Court's civil docket.

Accordingly, the following matters previously taken under submission are ruled upon as follows: (1) Defendants' Motion to Reopen Case, Substitute Plaintiff, and Appoint Receiver [Docket #123] is rendered MOOT; (2) Defendants' Motion to Quash and Stay Execution, to Stay Sale of Seized Property, and for Sanctions [Docket #97] is rendered MOOT; (3) Defendants' Motion to Set Aside Judgments Void *Ab Initio* and for Sanctions [Docket #98] is rendered MOOT; and (4)  Plaintiffs' Motion for Attorneys' Fees [Docket #102] is DENIED without prejudice, as it is not yet ripe for judicial review.

---

[1] Lest there be any confusion, this includes judgment entered on the Court's initial order of June 27, 2007 [Docket #56], judgment entered on October 30, 2007 [Docket #70] and the Court's subsequent, amended judgment on February 11, 2008 [Docket #95,96.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 07 - 0064 ODW (OPx) | Date | August 25, 2008 |
|---|---|---|---|
| Title | *Micheal H. Hagan, et al. v. Craigmyle Halters and Tack Mfg., LLC, et al.* | | |

Furthermore, Plaintiffs' Renewed Motion to Disqualify [Docket #124] is GRANTED. "A trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it. . . .'" *People ex rel. Dep't of Corp. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal.4th 1135, 1145 (1999). As will be discussed below, Mr. Ilmanen is disqualified, but not for the reasons argued in Plaintiffs' Motion.

Plaintiffs' sole argument in support of disqualification is that Mr. Ilmanen has a conflict of interest under Rule 3-310 of the Rules of Professional Conduct of the State Bar of California. Rule 3-310 sets forth the appropriate legal principles to be applied in cases of alleged conflicts of interest. Rule 3-310(E) prevents an attorney from representing a client with interests that are adverse to a former client from whom the attorney has obtained confidential information unless the attorney obtains the written consent of the former client. Furthermore, a substantial relationship between the former and current representation gives rise to a presumption that the attorney has obtained confidential information from the prior representation, and in such instances there is no need to establish that the attorney actually obtained confidential information. *See W. Cont'l Operating Co. v. Natural Gas Corp.*, 212 Cal.App.3d 752 (Ct. App. 1989).

Defendants argue that Plaintiff has not sufficiently established that Mr. Ilmanen's previous representation of Plaintiff Hagan in various other matters is substantially related to Mr. Ilmanen's current representation of Defendants in their defenses against an alleged breach of contract. The Court agrees. Of what can be gleaned from the parties' filings, it does not appear that Mr. Ilmanen, for example, represented Hagan with respect to the formation of the Craigmyle Halter Company, LLC, or that Mr. Ilmanen represented Hagan in the negotiation of the LLC's sale to Defendants. Rather, Mr. Hagan and Mr. Ilmanen appear to have been ordinary business partners who formed an LLC that was purportedly sold to Defendants. Thus, Rule 3-310(E) does not warrant disqualification.

Though not addressed by either party, it can be argued that Rule 3-310(B) is the applicable rule in the instant action. It provides that "[a] member shall not accept or continue representation of a client without providing written disclosure to the client where: .... (2) The member knows or reasonably should know that: (a) the member previously had a legal, business, financial, professional, or personal relationship with a party or witness in the same matter." Mr. Ilmanen's involvement as the alleged sole member of Craigmyle Halter Company, LLC constitutes both a personal and professional relationship with Plaintiff's business which triggers application of Rule 3-310(B). Rule 3-310(B), however, is intended to protect the *current* client by requiring written disclosure to that client. Thus, while *Defendants* could seek disqualification

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA



### CIVIL MINUTES - GENERAL

| Case No. | EDCV 07 - 0064 ODW (OPx) | Date | August 25, 2008 |
|---|---|---|---|
| Title | *Micheal H. Hagan, et al. v. Craigmyle Halters and Tack Mfg., LLC, et al.* | | |

under this subsection, Rule 3-310(B) provides no basis for *Plaintiffs* to seek such disqualification.  In any event, Defendants' submissions indicate Mr. Ilmanen did obtain written consent from Defendants.  (Opp'n at 9.)   Accordingly, neither Rule 3-310(E) nor Rule 3-310(B) provide a basis for disqualification.

Notwithstanding the inapplicability of the rules noted above, Rule1-100 states that the general intent of the Rules is "to protect the public and promote respect and confidence in the legal profession . . . .  The prohibition of certain conduct in these rules is not exclusive."  In the instant case, Mr. Ilmanen claims to be the sole member of the Craigmyle Halter Company, LLC. Thus, he is defending a client who is being sued by his (Ilmanen's) own company (Craigmyle Halter Company, LLC).  Frankly, the Court is perplexed by Ilmanen's actions.  Nevertheless, Rule 1-100's intent supports disqualification here.  Mr. Ilmanen's conduct would undermine the integrity of the legal profession if he is able to utilize a loophole in Rule 3-310[2] to avoid disqualification.  *See also William H. Raley Co. v. Superior Court*, 149 Cal.App.3d 1042, 1047-48 (Ct. App. 1983).  Accordingly, considering the inherent power granted to this Court, in addition to the intent of California's Rules of Professional Conduct, Defendants' counsel, Gary Ilmanen is hereby DISQUALIFIED.  Because the Court does not base its decision to disqualify Mr. Ilmanen on the ground that his current representation amounts to a conflict of interest, nor on the ground that confidential information may have been received, there is no need to vicariously disqualify *pro hac vice* counsel, Charles Hawthorne.  Mr. Hawthorne, however, is advised that he may not continue to represent Defendants without designating new local counsel. *See* Local Rule 83-2.3.4.  Local counsel shall be designated by no later than **September 15, 2008**.

---

[2] In this instance, that "loophole" is Rule 3-310's requirement that Mr. Ilmanen receive written consent only from Defendants and not Plaintiff.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 07 - 0064 ODW (OPx) | Date | August 25, 2008 |
|---|---|---|---|
| Title | *Micheal H. Hagan, et al. v. Craigmyle Halters and Tack Mfg., LLC, et al.* | | |

 

Finally, the Court sets a status conference for **Monday, October 27, 2008 at 1:30 p.m.** Counsel are ordered to meet and confer at least 21 days prior to the October 27, 2008 conference.  The content of this meet and confer will mirror that of Fed. R. Civ. P. 26(f). Counsel shall submit to the Court within fourteen (14) days after the meet and confer a report/plan identical to that required by Rule 26(f).

**IT IS SO ORDERED.**

|  | ---- | : | 00 |
|---|---|---|---|
| Initials of Preparer | RGN | | |