UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 07-0064 ODW (OPx) | Date | July 7, 2010 |
|---|---|---|---|
| Title | *Hagan, et al. v. Craigmyle Halter and Tack Mfg. Co., LLC, et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not present | | Not present | |

**Proceedings (In Chambers):** **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT [293] (Filed 6/7/10)**

The matter is before the Court on Defendant Clyde Veltmann's ("Defendant") Motion for Relief from Clerical Error in Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Rule__"). The motion is made on the basis that the Judgment, entered on October 28, 2009, allegedly recites "findings" that were not pronounced by this Court. (Docket Nos. 203, 274.) The Court deems the matter appropriate for decision without oral argument pursuant to Rule 78 and Local Rule 7-15. After careful consideration of the parties' arguments and papers, the motion is **DENIED.**

The Court had the occasion to recount the factual background that gave rise to this action in its previous orders. Accordingly, the Court will only focus on the relevant procedural facts leading to the instant motion. The Judgment, drafted by Plaintiff's counsel and adopted by the Court on October 28, 2009, The Honorable Otis D. Wright II presiding, provided in relevant part as follows:

> This case has been tried to the Court in two phases, on July 7-8, 2009, and on September 8, 2009. Having heard and considered the evidence and argument presented by all parties, the Court on July 8, 2009, granted plaintiffs' motion for judgment pursuant to Fed.R.Civ.P. 52(c), *finding that plaintiff Micheal H. Hagan is, and at all relevant times was, the owner of plaintiff Craigmyle Halter Company, LLC*, and the defendants Clyde Veltmann and Diantha Veltmann are liable to plaintiffs for breach of contract for defendants' failure to perform as required by the terms of the defendants' personal guaranty. The Court's findings, reasoning and conclusions were stated on the record on July 8, 2009, and are incorporated in this Judgment.

(Judgment at 2-3 (emphasis added).)

Defendant asks the Court to strike the language "finding that plaintiff Micheal H. Hagan is,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 07-0064 ODW (OPx) | Date | July 7, 2010 |
|---|---|---|---|
| Title | *Hagan, et al. v. Craigmyle Halter and Tack Mfg. Co., LLC, et al.* | | |

and at all relevant times was, the owner of plaintiff Craigmyle Halter Company, LLC" on the basis that the Court did not intend to render any opinion or a finding as to the ownership of Craigmyle Halter Company, LLC (hereinafter, "the California LLC"). (Mot. at 4.) Defendant contends that the Court has made no such finding and "[t]he fictional finding of ownership was inserted by Mr. Wallace." (Mot. at 4-5.) Defendant explains that the issues litigated before the Court were limited to two issues: (1) whether the contract was valid, and (2) what were the damages/offsets? (*Id.* at 1.) Defendant urges the Court to strike the superfluous language pursuant to Rule 60(a), which provides an avenue to correct "clerical mistakes" that appear in a judgment.[1]

Defendant's motion lacks merit. It is clear from the record that the judgment is consistent with the Court's October 14, 2009 order and findings made following the July 7 through 8, 2009 trial upon which the subject judgment was based.

As previously stated, this action proceeded to trial in two phases beginning on July 7, 2009. In the first phase of the trial, the Court considered the Veltmanns' defense that their entry into the contract with Hagan had been induced by fraud. The Veltmanns claimed, in particular, that Plaintiff Hagan had misrepresented himself as the owner of the California LLC and as having authority to enter into the sale transaction. In truth, the Veltmanns contended, the California LLC was owned and managed by Hagan's then-attorney, Gary Ilmanen. The Veltmanns, Hagan and Ilmanen all testified during the first phase of the trial. On July 8, 2009, the Court ruled in Plaintiff Hagan's favor, finding there was no fraud in the inducement of the agreement and that the Veltmanns were in breach of their personal guarantees of the note. In the announcement of the decision from the bench, the Court specifically observed that:

> There has been an issue raised as to whether or not the contract at issue here was valid in that at least the assertion is being made that Mr. Hagan did not have the authority to bind the LLC, that he, in fact, may not have been the owner of the LLC . . . . ***[T]here is absolutely nothing that the court has heard thus far that would lead the court to believe that in law or in equity that ownership of the LLC had indeed transferred to Mr. Ilmanen.***

---

[1] Rule 60(a) provides in relevant part:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice....

Fed. R. Civ. P. 60(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 07-0064 ODW (OPx) | Date | July 7, 2010 |
|---|---|---|---|
| Title | *Hagan, et al. v. Craigmyle Halter and Tack Mfg. Co., LLC, et al.* | | |

(Reporter's Transcript, July 8, 2009, at 25:20-24; 27:12-15 (emphasis added).)  The Court then concluded:

> So, in other words, the court finds that at least Mr. Hagan had apparent and indeed actual authority to enter into the contracts at issue and to sell the assets of the LLC as well as his intellectual property interest in the trademark.

(Reporter's Transcript, July 8, 2009, at 28:5-9.)

Although the Court did not explicitly state that it is making a finding that Plaintiff Hagan is the owner of the California LLC at the July 8, 2009 hearing, the Court's intention to make such a finding was evident when the Court, thereafter, summarized the procedural history of the case in its October 14, 2009 order.  In the first few sentences of the order, the Court stated:

> This breach of contract action was tried before the Court in two phases.  The first, which occurred July 7-8, 2009, ***addressed the issue of whether Plaintiff Hagan owned the Plaintiff LLC.  Ruling from the bench, the Court granted Plaintiff Hagan's Fed. R. Civ. P. 52(c) motion and found in his favor on this issue.***

(October 14, 2009 Order (Docket No. 272) (citations omitted and emphasis added).)  If there was any ambiguity as to the Court's Rule 52(c) findings, and there was none, the Court dispelled such ambiguity by its pronouncements in the October 14, 2009 Order.  *See id.*

Based on the foregoing, there is simply no basis for granting of the instant motion inasmuch as nothing in the Court's judgment calls for any correction.  Accordingly, the motion is **DENIED.**

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
|  | Initials of Preparer | RGN |